| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| WEILAND GOLDEN GOODRICH LLP<br>Michael J. Weiland, State Bar No. 96672<br>mweiland@wgllp.com<br>Jeffrey I. Golden, State Bar No. 133040<br>jgolden@wgllp.com<br>Reem J. Bello, State Bar No. 198840<br>rbello@wgllp.com<br>650 Town Center Drive, Suite 600<br>Costa Mesa, California 92626<br>Telephone 714-966-1000; Facsimile 714-966-1002<br><br>☐ *Individual appearing without attorney*<br>☒ *Attorney for:* Chapter 7 Trustee Weneta M.A. Kosmala | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION**

| In re:<br>AHMAD MALKAWI,<br><br><br><br><br><br>Debtor(s). | CASE NO.: 8:15-bk-10182-MW<br><br>CHAPTER: 7<br><br><br>**NOTICE OF SALE OF ESTATE PROPERTY** |
|---|---|

| **Sale Date:** 05/11/2020 | **Time:** 2:00 pm |
|---|---|
| **Location:** United States Bankruptcy Court, Courtroom 6C, 411 West Fourth Street, Santa Ana, California 92701 | |

**Type of Sale**:  ☒ Public   ☐ Private     **Last date to file objections**: 04/27/2020

**Description of property to be sold**:  All rights, titles and interests of the Estate in and to:  (1) Global Telecom, Corp., including any and all shares of stock of Global Telecom, Corp., owned and held by the Estate, and all rights, including causes of action, appurtenant to such shares; and (2) Global Telecom Engineering, Inc., including any and all shares of stock of Global Telecom Engineering, Inc., owned and held by the Estate, and all rights, including causes of action, appurtenant to such shares.

**Terms and conditions of sale**:  Subject to overbid. Earnest money deposit of $51,000.00 required. Sale is "as is, where is," with no warranties or guaranties of any kind.  Sale is subject to Bankruptcy Court approval. Other terms and conditions apply; see motion on file with the Clerk of Court.

**Proposed sale price**:  $ 50,000.00

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*               Page 1               **F 6004-2.NOTICE.SALE**

**Overbid procedure (*if any*)**: Overbid increments: $1,000.00 initial / $1,000.00 thereafter. $51,000.00 earnest money deposit.  See attached overbid procedures.

**If property is to be sold free and clear of liens or other interests, list date, time and location of hearing:**

Sale Date: May 11, 2020 at 2:00 p.m.
Location
United States Bankruptcy Court
Central District of California, Santa Ana Division
411 W. Fourth Street, Courtroom 6C
Santa Ana, CA 92701

**Contact person for potential bidders (*include name, address, telephone, fax and/or email address*):**

WEILAND GOLDEN GOODRICH LLP
Jeffrey I. Golden, Esq.
Reem J. Bello, Esq.
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Telephone 714-966-1000
Facsimile 714-966-1002
jgolden@wgllp.com
rbello@wgllp.com

Date: 04/20/2020

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*     Page 2     **F 6004-2.NOTICE.SALE**

**WEILAND GOLDEN GOODRICH LLP**
Michael J. Weiland, State Bar No. 96672
mweiland@wgllp.com
Jeffrey I. Golden, State Bar No. 133040
jgolden@wgllp.com
Reem J. Bello, State Bar No. 198840
rbello@wgllp.com
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Telephone    714-966-1000
Facsimile    714-966-1002

Counsel for Chapter 7 Trustee
Weneta M.A. Kosmala

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>AHMAD MALKAWI,<br><br>            Debtor. | Case No. 8:15-bk-10182-MW<br><br>Chapter 7<br><br>**NOTICE OF HEARING ON CHAPTER 7 TRUSTEE'S MOTION FOR ORDER: (1) AUTHORIZING SALE OF PERSONAL PROPERTY ASSETS FREE AND CLEAR OF LIENS AND INTERESTS PURSUANT TO 11 U.S.C §§ 363(b) AND (f); (2) APPROVING OVERBID PROCEDURES, AND (3) APPROVING PROPOSED BUYER AS GOOD FAITH PURCHASER PURSUANT TO 11 U.S.C. § 363(m)**<br><br>**Date:** May 11, 2020<br>**Time:** 2:00 p.m.<br>**Ctrm:** 6C<br>      411 West Fourth Street<br>      Santa Ana, California 92701 |

1269350.1    NOTICE OF HEARING

**TO ALL INTERESTED PARTIES:**

Weneta M.A. Kosmala, the Chapter 7 trustee ("Trustee") for the bankruptcy estate ("Estate") of debtor Ahmad Malkawi ("Debtor"), has filed the *Motion for Order: (1) Authorizing Sale of Personal Property Assets Free and Clear of Liens and Interests Pursuant to 11 U.S.C. §§ 363(b) and (f); (2) Approving Overbid Procedures; and (3) Approving Proposed Buyer as Good-Faith Purchaser Pursuant to 11 U.S.C. § 363(m)* ("Motion").[1]  A hearing on the Motion will take place at the United States Bankruptcy Court located at 411 West Fourth Street, Santa Ana, California, courtroom 5C, on **May 11, 2020** at **2:00 p.m.**

By the Motion, the Trustee seeks the Court's approval of a sale of shares of stock in two companies for $50,000.00, subject to overbid.  The Trustee believes the proposed sale is reasonable, in the best interest of the Estate, and supported by a valid business purpose.  The offer to acquire the shares of stock is the only offer received by the Trustee to date.  The proposed sale will bring cash into the Estate for the benefit of creditors and is subject to overbid.

## BACKGROUND

On January 14, 2015 ("Petition Date"), Debtor filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code, case no. 8:15-bk-10182-MW ("Case"), and John M. Wolfe was appointed the Chapter 7 trustee.  Debtor filed his bankruptcy schedules ("Schedules") on January 28, 2015, as both Docket No. 11 and Docket No. 11-1.  Debtor received a discharge of his bankruptcy case on or about May 11, 2015.  On May 18, 2015, the Trustee filed his report of no distribution and the case was closed by order entered June 21, 2016.  On December 2, 2019, the Office of the United States Trustee ("UST") filed its *ex parte* application for an order reopening the Case ("Application to Reopen"), and an order reopening the Case was entered on December 3, 2019.  Shortly thereafter, Weneta M.A. Kosmala was appointed the Chapter 7 trustee.

According to Schedule B - Personal Property, as of the Petition Date, Debtor owned and held forty-nine percent (49%) of the shares of stock of Global Telecom, Corp., a California corporation ("Global Telecom, Corp.") which Debtor valued at Seven Hundred Dollars ($700.00), and which, by the filing of the Case and the Trustee's appointment, are now vested in the Trustee for the benefit of the Estate.  According to Schedule D – Creditors Holding Secured Claims, there are no secured claims against the shares of stock.

According to deposition testimony by Debtor and his spouse Andrada Costoiu ("Ms. Costoiu"), as of the Petition Date, the remaining fifty-one percent (51%) of the shares of stock of Global Telecom, Corp., were owned by Ms. Costoiu and, as such, were community property of the Debtor and therefore became and are now also vested in the Trustee.

According to the records of the State of Delaware Secretary of State, Global Telecom Engineering, Inc., a Delaware corporation ("Global Telecom Engineering, Inc."), was formed and incorporated on October 8, 2018.

---

[1] Capitalized terms have the meaning as the capitalized terms in the Motion.

According to the records of the Secretary of State for the State of California, Global Telecom, Corp., merged with and into Global Telecom Engineering, Inc., on October 8, 2018, the same date as the date of the formation and incorporation of Global Telecom Engineering, Inc., as evidenced by a Certificate of Merger filed with the State of Delaware Secretary of State on October 8, 2018, a copy of which was filed with the Secretary of State for the State of California on October 9, 2018, as California Secretary of State Filing Number D1477552.

Seowon Intech Co., Ltd., a South Korea corporation ("Buyer") desires to purchase from the Trustee and, subject to the approval of the Agreement (defined below) by the Bankruptcy Court and possible overbidding by other prospective purchasers, the Trustee desires to sell to Buyer, on the terms and conditions set forth in the Agreement, all rights, titles and interests of the Estate in and to: (1) Global Telecom, Corp., including any and all shares of stock of Global Telecom, Corp., owned and held by the Estate, and all rights, including causes of action, appurtenant to such shares; and (2) Global Telecom Engineering, Inc., including any and all shares of stock of Global Telecom Engineering, Inc., owned and held by the Estate, and all rights, including causes of action, appurtenant to such shares (collectively, "Sale Assets"), as a sale free and clear of liens and interests pursuant to 11 U.S.C. § 363(b) and (f) ("Sale") for a purchase price of $50,000.00 ("Purchase Price"), subject to overbid, pursuant to the Purchase and Sale Agreement ("Agreement").

Global Telecom, Corp., and Global Telecom Engineering, Inc., are privately held companies. Therefore, the Trustee is unable to determine the value of the Sale Assets. The Trustee, in her business judgment, believes the Purchase Price is reasonable and wishes to proceed with the sale of the Sale Assets to Buyer, subject to overbid.

## TERMS OF THE PROPOSED SALE

The Trustee (also referred to as "Seller") seeks to sell all rights, titles and interests of the Estate in the Sale Assets for the benefit of the Estate, and Buyer, whose address is 689-47 Kyunggi DoKumjung-Dong, Kunpo-City, South Korea, desires to purchase such interest in the Sale Assets. The Trustee and Buyer are referred to as the "Parties." Therefore, the Parties have entered into the Agreement, a copy of which is attached as Exhibit 5 to the Motion. The salient terms of the Agreement and the proposed Sale are as follows[2]:

1. Bankruptcy Court Approval. The Sale is subject to approval of the Court. The order approving the Sale shall become final fifteen days after it is entered unless an appeal is timely-filed and a stay pending appeal is obtained ("Final Order").

2. Continued Marketing, Competitive Bidding and Sale Pursuant to Best Offer Received. Until the Approval Order is entered by the Bankruptcy Court: (a) Seller may establish, amend, rescind and seek Bankruptcy Court approval of Bidding Procedures to facilitate an organized auctioned sale of the Sale Assets, including establishing minimum deposit requirements, minimum bid increments and criteria for qualifying prospective purchasers as Qualifying Bidders including proof of funds and ability to perform; (b) Seller may solicit, propose, negotiate, counter and accept competing

---

[2] Parties are advised to consult the Agreement for all terms and conditions.

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

offers for the Sale Assets, and not be in Breach or Default, or be deemed to have acted unreasonably, improperly or in bad faith by reason of any such conduct; (c) Seller may rank, in order of desirability as viewed from the perspective of Seller and the Estate, all Qualifying Offers, including Buyer's Offer, taking into consideration all differences between competing offers deemed relevant by Seller, including: (1) the amount of the purchase price offered; (2) whether the Sale Assets would be sold subject to, or free and clear of Liens and Interests; (3) the amount of any Brokerage Commissions, repair costs or other costs of sale payable by Seller; and (4) the date by which the Closing would occur; and (d) Seller may request that the Approval Order authorize the sale of the Sale Assets pursuant to the Best Offer, and that if a Sale pursuant to the Best Offer fails to occur, then pursuant to the next most highly ranked Qualifying Offer not revoked or in breach or default by the offeror.

3. <u>Purchase and Sale Obligation</u>. Subject to the terms and conditions of this Agreement and upon the entry of the Approval Order and the passage of time to appeal same such that the Approval Order becomes a Final Order, Seller will sell, transfer and assign to Buyer, and Buyer will purchase, acquire and accept from Seller, all rights, titles and interests in and to the Sale Assets, as a sale, transfer and assignment free and clear of Liens and Interests pursuant to 11 U.S.C. §363(b) and (f), on an "AS IS", "WHERE IS" and "WITH ALL FAULTS" basis and condition, as set forth in <u>Section 4.3</u>[3].

4. <u>Payment of Purchase Price</u>. Buyer shall pay the Purchase Price as follows:

   a. <u>Initial Deposit</u>. On or before the Execution Date, Buyer will deposit directly with the Trustee a deposit ("<u>Initial Deposit</u>") in the cash sum of Fifty Thousand Dollars ($50,000.00), by delivering to the Trustee a valid Cashier's Check payable to "Weneta M. A. Kosmala, Trustee" in said amount. If the Sale to Buyer is consummated, then the Initial Deposit will be retained by Seller for the benefit of the Estate and credited toward the payment of the Purchase Price. If the Sale to Buyer fails to occur by reason of a Default by Buyer, then the entire $50,000.00 Initial Deposit will be forfeited to Seller as "Liquidated Damages" as provided in <u>Section 5.3</u>. The entire Initial Deposit will be promptly returned to Buyer if the Sale fails to occur by reason of the occurrence of any of: (a) the Bankruptcy Court declining to enter the Approval Order as provided for in <u>Section 2.1</u>; (b) the Sale Assets being sold to another person, including as a result of the competitive bidding process described in <u>Section 2.2</u>; (c) the Sale Order being denied by the Bankruptcy Court, or (d) a Default by Seller as defined in <u>Section 5.2</u>.

   b. <u>Final Deposit</u>. Within one (1) Business Day following the entry of the Approval Order approving the Sale to Buyer, Buyer will deposit directly with Seller a deposit ("<u>Final Deposit</u>") in the amount, if any, by which the Purchase Price exceeds the amount of the Initial Deposit, by delivering to Seller a valid Cashier's Check payable to "Weneta M. A. Kosmala, Trustee" in said amount, and the Final Deposit, if any, will also be applied and credited toward the payment of the Purchase Price.

---

[3] Section references are to the Agreement.

5. <u>Maintenance of Deposits.</u>  Seller will maintain all Deposits received by Seller pursuant to this Agreement in a federally insured bank approved by the Office of the United States Trustee for such purpose, until credited and applied toward the payment of the Purchase Price, forfeited to Seller as "Liquidated Damages," or returned to Buyer, in accordance with the terms of this Agreement.  No interest will be earned by or payable to Buyer with respect to any funds deposited with Seller.

## **PROPOSED OVERBID PROCEDURES**

The Trustee proposes the following procedure to allow for overbids prior to the Court's approval of the Sale to ensure that the Sale Assets are sold for the best possible price:

1. Qualifying bidders ("<u>Qualifying Bidder</u>") shall:
   a. Bid at least $51,000.00 in cash for the Sale Assets;
   b. Set forth in writing the terms and conditions of the offer that are at least as favorable to the Trustee as those set forth in the Agreement;
   c. Be financially qualified, in the Trustee's exercise of her sound business judgment, to close the purchase of the Sale Assets;
   d. Submit an offer that does not contain any contingencies to closing the sale, including, but not limited to, financing contingencies;
   e. Submit a cash deposit of $51,000.00 ("<u>Overbid Deposit</u>") payable to Weneta M.A. Kosmala, Chapter 7 Trustee for the Bankruptcy Estate of Ahmad Malkawi, in the form of a cashier's check, which Overbid Deposit shall be non-refundable if the bid is deemed to be the Successful Bid, as defined in paragraph 4 below.  The Overbid Deposit, written offer, and evidence of financial qualification must be delivered to the Trustee's counsel at or before the hearing currently set for May 11, 2020, at 2:00 p.m.  The Trustee's counsel's address is listed in the upper left-hand corner of page 1 of this Motion.

2. At the hearing on the Motion, only Buyer or its representatives and any party who is deemed a Qualifying Bidder shall be entitled to bid.

3. Any incremental bid in the bidding process shall be at least $1,000.00 higher than the prior bid.

4. At the hearing on the Motion and upon conclusion of the bidding process, the Trustee shall decide, subject to Court approval, which of the bids is the best bid, and such bid shall be deemed to be the "<u>Successful Bid</u>."  The bidder who is accepted by the Trustee as the successful bidder ("<u>Successful Bidder</u>") must pay all amounts reflected in the Successful Bid in cash at the closing of the sale.  At the hearing on the Motion, and upon conclusion of the bidding process, the Trustee may also acknowledge a back-up bidder ("<u>Back-Up Bidder</u>") which shall be the bidder with the next best bid.  Should the Successful Bidder fail to close the sale of the Sale Assets, the Trustee may sell the Sale Assets to the Back-Up Bidder without further Court order.

5. Overbids shall be all cash and no credit shall be given to the purchaser or over bidder(s).

A complete copy of the Motion is on file with the Bankruptcy Court.

**Weiland Golden Goodrich LLP**
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1     Parties-in-interest are advised that pursuant to Second Amended General Order 20-02 entered April 14, 2020, in all bankruptcy cases pending in the Central District of California, telephonic appearances are mandatory except for trials and other evidentiary hearings through June 1, 2020, unless otherwise ordered by the Court.  In order to schedule an appearance by telephone, parties are advised to contact CourtCall at (866) 582-6878 and schedule a telephonic appearance.

    **Your Rights May be Affected.**  You should read these papers carefully and discuss them with your attorney, if you have one.  If you do not have an attorney, you may wish to consult one.

    **Deadline for Opposition Papers.**  The Motion is being heard on regular notice pursuant to LBR 9013-1.  If you wish to oppose the Motion, you must file a written response with the Court and serve a copy of it upon the Movant or Movant's attorney at the address set forth above no less than **14 days** prior to the above hearing date.  If you fail to file a written response to the Motion within such time period, the Court may treat such failure as a waiver of your right to oppose the Motion and may grant the requested relief.

    **Hearing Date Obtained Pursuant to Judge's Self-Calendaring Procedure.**  The undersigned hereby verifies that the above hearing date and time were available for this type of Motion according to the judge's self-calendaring procedures.

Dated: April 20, 2020          WEILAND GOLDEN GOODRICH LLP

By:  */s/ Reem J. Bello*
     JEFFREY I. GOLDEN
     REEM J. BELLO
     Attorneys for Chapter 7 Trustee,
     Weneta M.A. Kosmala

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
**650 Town Center Drive, Suite 600**
**Costa Mesa, California 92626**

A true and correct copy of the foregoing document entitled (*specify*): Notice of Hearing on Chapter 7 Trustee's Motion for Order: (1) Authorizing Sale of Personal Property Assets Free and Clear of Liens and Interests Pursuant to 11 U.S.C. §§ 363(b) and (f); (2) Approving Overbid Procedures; and (3) Approving Proposed Buyer as Good-Faith Purchaser Pursuant to 11 U.S.C. § 363(m)
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) April 20, 2020, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

2. **SERVED BY UNITED STATES MAIL**:
On (*date*) April 20, 2020, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Honorable Mark S. Wallace
United States Bankruptcy Court
411 West Fourth Street, Suite 6135 / Courtroom 6C
Santa Ana, CA 92701-4593

Ahmad Malkawi
127 Roadrunner
Irvine, CA 92603-0161

☒ Service information continued on attached page

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) April 20, 2020, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 4/20/2020 | Victoria Rosales | *victoria* (signature) |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                                        **F 9013-3.1.PROOF.SERVICE**

**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:
Reem J Bello     rbello@wgllp.com, kadele@wgllp.com;vrosales@wgllp.com;cyoshonis@wgllp.com;cbmeeker@gmail.com
Rebecca A Caley     rcaley@caleylaw.com, kristina@caleylaw.com;carolyn@caleylaw.com
Weneta M Kosmala (TR)     ecf.alert+Kosmala@titlexi.com, wkosmala@txitrustee.com;dmf@txitrustee.com;kgeorge@kosmalalaw.com
Austin P Nagel     melissa@apnagellaw.com
Michael B Reynolds     mreynolds@swlaw.com, kcollins@swlaw.com
Andrew Still     astill@swlaw.com, kcollins@swlaw.com
United States Trustee (SA)     ustpregion16.sa.ecf@usdoj.gov

**SERVED BY UNITED STATES MAIL**:

Zuhair Nubani
823 Adler Ct.
Schaumburg, IL 60194-2413

Mercedes-Benz Financial Services USA LLC, fk
13650 Heritage Pkwy.
Fort Worth, TX 76177-5323

Seowon Intech Co., Ltd.
c/o The Shinbrot Firm
Attention: Jeffrey S. Shinbrot
8200 Wilshire Boulevard - Suite 400
Beverly Hills, California 90211

Seowon Intech Co, Ltd.
c/o Lamb and Kawakami LLP
Attention: Patrick Rendon
333 South Grand Avenue, Suite 4200
Los Angeles, CA 90071

Access Communications, Inc.
c/o CT Corporation System Inc.
100 S. Fifth Street, Suite 1075
Minneapolis, MN 55402-1265

Eldorado Resorts Corp.
3015 N. Ocean Blvd., Suite 12
Fort Lauderdale, FL 33308-7344

Hyundai Lease Tilting Trust
c/o Law Offices of Austin P. Nagel
111 Deerwood Rd., Suite 305
San Ramon, CA 94583-1530

KIT Motors Finance
POB 20815
Fountain Valley, CA 92728

MA – Huon
c/o Southwest Credit Systems
4120 International Parkway
Carrollton, TX 75007-1958

MB Financial Services
36455 Corporate Drive
Farmington Hills, MI 48331-3552

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

**F 9013-3.1.PROOF.SERVICE**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

650 Town Center Drive, Suite 600
Costa Mesa, CA 92626

A true and correct copy of the foregoing document entitled: **NOTICE OF SALE OF ESTATE PROPERTY** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 04/20/2020, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) 04/20/2020, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) 04/20/2020, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 04/20/2020 | Victoria Rosales | *victoria* (signature) |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012    Page 3    F 6004-2.NOTICE.SALE

**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**
Reem J Bello    rbello@wgllp.com,
kadele@wgllp.com;vrosales@wgllp.com;cyoshonis@wgllp.com;cbmeeker@gmail.com
Rebecca A Caley    rcaley@caleylaw.com, kristina@caleylaw.com;carolyn@caleylaw.com
Weneta M Kosmala (TR)    ecf.alert+Kosmala@titlexi.com,
wkosmala@txitrustee.com;dmf@txitrustee.com;kgeorge@kosmalalaw.com
Austin P Nagel    melissa@apnagellaw.com
Michael B Reynolds    mreynolds@swlaw.com, kcollins@swlaw.com
Andrew Still    astill@swlaw.com, kcollins@swlaw.com
United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov