**WEILAND GOLDEN GOODRICH LLP**
Jeffrey I. Golden, State Bar No. 133040
jgolden@wgllp.com
Reem J. Bello, State Bar No. 198840
rbello@wgllp.com
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Telephone    714-966-1000
Facsimile    714-966-1002

Counsel for Chapter 7 Trustee
Weneta M.A. Kosmala

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SANTA ANA DIVISION**

| | |
|---|---|
| In re<br><br>AHMAD MALKAWI,<br><br>                    Debtor. | Case No. 8:15-bk-10182-MW<br><br>Chapter 7<br><br>**OPPOSITION OF CHAPTER 7 TRUSTEE TO MOTION FILED BY DEBTOR TO RECONSIDER OR VACATE ORDER REOPENING CASE OR, IN THE ALTERNATIVE, TO CLOSE CASE; DECLARATIONS OF JEFFREY I. GOLDEN AND JEFFREY SHINBROT IN SUPPORT**<br><br>**Date:    May 18, 2020**<br>**Time:    2:00 p.m.**<br>**Ctrm:    6C**<br>**411 West Fourth Street**<br>**Santa Ana, California 92701** |

**TO THE HONORABLE MARK S. WALLACE, UNITED STATES BANKRUPTCY**

**JUDGE; THE OFFICE OF THE UNITED STATES TRUSTEE; DEBTOR AND DEBTOR'S**

**COUNSEL; AND PARTIES IN INTEREST:**

Weneta M.A. Kosmala, the duly appointed, qualified and acting Chapter 7 trustee

("Trustee") for the bankruptcy estate ("Estate") of debtor Ahmad Malkawi ("Debtor"),

hereby opposes ("Opposition") the Motion by Debtor to Reconsider or Vacate Order

Reopening Case or, in the Alternative, to Close Case [Docket 53] ("Motion to

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

1  Reconsider").  In support of the Opposition, the Trustee submits the declarations of Jeffrey

2  I. Golden ("Golden Declaration") and Jeffrey Shinrbrot ("Shinbrot Declaration").

3

4  **I.    INTRODUCTION**

5      Through the Motion to Reconsider, Debtor requests that the Court reconsider or

6  vacate the Court's order reopening Debtor's case or, in the alternative, that the Court

7  close the case.  However, in keeping with her duty to administer assets, the Trustee

8  contends that there are assets which have value to the Estate and that she intends to

9  administer for the benefit of the Estate's creditors.  In fact, the Trustee currently has a

10 buyer for the assets at issue and has filed a motion seeking the Court's approval to sell

11 the Estate's interest in the assets, subject to overbid which is set for hearing on May 11,

12 2020.  Accordingly, there is no basis either for reconsidering the order reopening Debtor's

13 case or for closing the case.  The Trustee seeks to sell Estate assets which have not yet

14 been administered which is in the best interest of the Estate.  Debtor seeks to deprive his

15 creditors from the benefit of the sale of assets set for hearing before this Court on May 11,

16 2020.  Accordingly, the Motion to Reconsider should be denied.

17

18 **II.   STATEMENT OF FACTS**

19      **A.    General Background**

20      On January 14, 2015 ("Petition Date"), Debtor filed a voluntary petition for relief

21 under Chapter 7 of the United States Bankruptcy Code, case no. 8:15-bk-10182-MW

22 ("Case"), and John M. Wolfe was appointed the Chapter 7 trustee.  Debtor filed his

23 bankruptcy schedules ("Schedules") on January 28, 2015, as both Docket No. 11 and

24 Docket No. 11-1.  Debtor received a discharge of his bankruptcy case on or about

25 May 11, 2015.  On May 18, 2015, the Trustee filed his report of no distribution and the

26 case was closed by order entered June 21, 2016.  On December 2, 2019, the Office of the

27 United States Trustee ("UST") filed its *ex parte* application for an order reopening the

28 Case ("Application to Reopen"), and an order reopening the Case was entered on

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

1   December 3, 2019 ("Order Reopening Case").  Shortly thereafter, Weneta M.A. Kosmala

2   was appointed the Chapter 7 trustee.

3   **B.    The Assets Sought to be Sold**

4   According to Schedule B - Personal Property, as of the Petition Date, Debtor

5   asserted that he owned and held forty-nine percent (49%) of the shares of stock of Global

6   Telecom, Corp, a California corporation ("Global Telecom") which Debtor valued at Seven

7   Hundred Dollars ($700.00), and which, by the filing of the Case and the Trustee's

8   appointment, are now vested in the Trustee for the benefit of the Estate.  Trustee is

9   informed and believes that the Estate holds a 100% interest in the shares of stock of

10  Global Telecom.

11  According to the records of the State of Delaware Secretary of State, Global

12  Telecom Engineering, Inc., a Delaware corporation ("Global Telecom Engineering"), was

13  formed and incorporated on October 8, 2018.

14  According to the records of the Secretary of State for the State of California, Global

15  Telecom, merged with and into Global Telecom Engineering, on October 8, 2018, the

16  same date as the date of the formation and incorporation of Global Telecom Engineering,

17  as evidenced by a Certificate of Merger filed with the State of Delaware Secretary of State

18  on October 8, 2018, a copy of which was filed with the Secretary of State for the State of

19  California on October 9, 2018, as California Secretary of State Filing Number D1477552.

20  **C.    The Sale Motion**

21  On April 20, 2020, the Trustee filed the *Motion for Order:  (1) Authorizing Sale of*

22  *Personal Property Assets Free and Clear of Liens and Interests Pursuant to 11 U.S.C.*

23  *§§ 363(b) and (f); (2) Approving Overbid Procedures; and (3) Approving Proposed Buyer*

24  *as Good-Faith Purchaser Pursuant to 11 U.S.C. § 363(m)* ("Sale Motion") and related

25  notices [Docket Nos. 48, 49 and 50].  Pursuant to the Sale Motion, the Trustee seeks to

26  sell to Seowon Intech Co., Ltd., a South Korea corporation ("Buyer"), all rights, titles and

27  interests of the Estate in and to: (1) Global Telecom, including any and all shares of stock

28  of Global Telecom, owned and held by the Estate, and all rights, including causes of

1272105.1                                    3                                    OPPOSITION

1  action, appurtenant to such shares; and (2) Global Telecom Engineering, including any

2  and all shares of stock of Global Telecom Engineering, owned and held by the Estate, and

3  all rights, including causes of action, appurtenant to such shares (collectively, "Sale

4  Assets"), as a sale free and clear of liens and interests pursuant to 11 U.S.C. §363(b) and

5  (f) ("Sale"), for a purchase price of $50,000.00 ("Purchase Price"), subject to overbid,

6  pursuant to the Purchase and Sale Agreement ("Agreement").

7

8  **III.    THE SALE ASSETS ARE PROPERTY OF THE ESTATE AND THE CASE**

9  **SHOULD REMAIN OPEN SO THAT THE TRUSTEE MAY ADMINISTER THE**

10  **SALE ASSETS**

11  Debtor requests that the Court reconsider and vacate the Order Reopening Case

12  or, in the alternative, because the Case allegedly has been fully administered, that the

13  Court close the Case.  For the following reasons, there is no basis to grant the Motion to

14  Reconsider and neither course of action would be in the best interest of the Estate or its

15  creditors.

16  **A.    The Trustee Has a Duty to Administer Assets**

17  Under 11 U.S.C. § 704(a)(1), the Trustee is required to collect and reduce to

18  money property of the estate.  As such, the Trustee has a duty to administer assets of the

19  Estate and to distribute them to creditors of the Estate, which is exactly what the Trustee

20  is doing in this Case.  Here, the Trustee believes the Sale Assets have value that may be

21  administered for the benefit of creditors of the Estate.  Therefore, Debtor's argument that

22  all assets have been administered and the Case should be closed, is disingenuous.

23  **B.    The Sale Assets are Community Property**

24  Debtor contends that as of the Petition Date, he owned 49% of the shares of Global

25  Telecom, and did not acquire his wife's 51% interest until January 2018.  However, the

26  Trustee is informed and believes that the Estate holds and held, as of the Petition Date, a

27  100% community property interest in the Sale Assets, including the remaining fifty-one

28  percent (51%) of the shares of stock of Global Telecom, Corp. owned by Ms. Costoiu and,

**Weiland Golden Goodrich LLP**
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

1  as such, were community property of the Debtor and therefore became and are now also

2  vested in the Trustee.  Moreover, Debtor's Schedule J indicates that as of the Petition

3  Date, Debtor was married and resided with his spouse in California, which is a community

4  property state.  [Docket 11-1.]  *See* Golden Declaration.  There is no evidence of a pre-

5  nuptial agreement or a post-nuptial agreement between Debtor and his spouse with

6  respect to the Sale Assets.  *See* Golden Declaration.  Further, the Court is not being

7  asked to make a determination or finding as to the Estate's right, title and interest in the

8  Sale Assets.  Instead, the Trustee seeks an order from the Court authorizing her to sell

9  the Estate's right, title and interest in the Sale Assets, whatever that may be, as-is, where-

10  is, and with no representations or warranties.  Finally, the Sale Assets are being sold

11  subject to overbid and is open to all qualifying overbidders.

12        Accordingly, since the relief sought by Debtor goes against the interests of the

13  Estate's creditors, Debtor's Motion to Reconsider should be denied.

14

15  **IV.    DEBTOR HAS NOT ESTABLISHED ANY BASIS FOR RECONSIDERATION**

16  **PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 60(B)**

17        Rule 60(b) provides the following grounds for relief from a final judgment, order, or

18  proceeding:

19            (b) On motion and just terms, the court may relieve a party or its legal
     representative from a final judgment, order, or proceeding for the following
20   reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly
     discovered evidence that, with reasonable diligence, could not have been
21   discovered in time to move for a new trial under Rule 59(b); (3) fraud,
     misrepresentation, or misconduct by an opposing party; (4) the judgment is
22   void; (5) the judgment has been satisfied, released, or discharged; it is
     based on an earlier judgment that has been reversed or vacated; or applying
23   it prospectively is no longer equitable; or (6) any other reason that justifies
     relief.
24

25  Fed. R. Civ. P. 60(b).

26        Debtor erroneously argues that reconsideration of the Court's entry of the Order

27  Reopening Case is warranted because of "false allegations".  As discussed herein, Debtor

28

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

1  does not provide evidence to warrant relief from Order Reopening Case pursuant to Rule

2  60(b)(1), (3) or (6).

3     **A.**   **Debtor Provides No Evidence and Fails to Even Argue the Standard for**

4          **Reconsideration Pursuant to Rule 60(b)(1)**

5     Although the Debtor cites to Rule 60(b)(1) as a basis to grant relief, Debtor does

6  not show any "mistake, inadvertence, surprise or excusable neglect".  Indeed, there is no

7  argument or facts or evidence discussed by Debtor with respect to a showing pursuant to

8  Rule 60(b)(1).  As such, there is no basis to grant the Motion to Reconsider based upon

9  Rule 60(b)(1).

10    **B.**   **The Standard For Reconsideration Pursuant to Rule 60(b)(6) Has Not**

11         **Been Met**

12    The standard for relief pursuant to Rule 60(b)(6) is well established.  The Supreme

13 Court cautioned that it should only be applied in "extraordinary circumstances."

14 *Ackermann v. United States*, 340 U.S. 193 (1950).  Following the admonitions of the

15 Supreme Court, the Ninth Circuit held that Rule 60(b)(6) is to be used sparingly as an

16 equitable remedy to prevent manifest injustice.  *United States v. Alpine Land & Reservoir*

17 *Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993), *cert. denied*, 510 U.S. 813, 114 S.Ct. 60, 126

18 L.Ed.2d 29 (1993).  The Ninth Circuit also held that Rule 60(b)(6) relief normally will not be

19 granted unless the moving party is able to show both injury and that extraordinary

20 circumstances beyond its control prevented timely action to protect its interests.  *Id.*  To

21 obtain such relief, "[t]he party must demonstrate both injury and circumstances beyond his

22 control that prevented him from proceeding with the prosecution or defense of the action

23 in a proper fashion."  *Community Dental Services. v. Tani*, 282 F.3d 1164, 1168 (9th

24 Cir.2002).  Neglect or lack of diligence is not to be remedied through Rule 60(b)(6).  *See*

25 *United States v. RG & B Contractors, Inc.*, 21 F.3d 952, 956 (9th Cir.1994);  *Stevens v.*

26 *ITT Sys., Inc.*, 868 F.2d 1040, 1041 (9th Cir.1989).

27    Further, a Rule 60(b)(6) motion "must be for some reason other than the five

28 reasons preceding it under the rule."  *Lyon v. Agusta S.P.A.*, 252 F.3d 1078, 1088-89 (9th

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

**Weiland Golden Goodrich LLP**
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

1   Cir. 2001).  As in United States v. Washington, 98 F.3d 1159 (9th Cir.1996), petition for

2   cert. filed, 65 U.S.L.W. 3713 (Apr. 7, 1997) (No. 9E-1607), this case does not present the

3   extraordinary circumstances required to use Rule 60(b)(6) to correct a manifest injustice.

4   A party's mere disagreement with the Court does not justify reconsideration.  *See Hele Ku*

5   *KB, LLC v. BAC Home Loans Serv*., LP, 2012 WL 1987165, *19 (D. Hawai`i May 31,

6   2012); Dep't of Educ. v. M.F., 2012 WL 639141, *1 (D. Hawai`I Feb. 28, 2012); *White*, 424

7   F. Supp. 2d at 1274.  All of the arguments made by Debtor involve the assertion that

8   Debtor did not own 100% of the shares of stock for Global Telecom on the Petition Date.

9   Debtor provides no evidence of this assertion.  None of the arguments or evidence

10  support the grant of relief under Rule 60(b)(6).  Moreover, this argument could have been

11  raised in an opposition to the Motion to Reopen filed by the Office of the United States

12  Trustee.  There is no legal analysis of the Ninth Circuit standard for the granting of relief

13  under Rule 60(b)(6).  The reason for this omission on the part of Debtor is clear, there is

14  no manifest injustice or extraordinary circumstances.  Debtor has not shown the

15  circumstances beyond its control that prevented it from filing an opposition to the Motion

16  to Reopen or prevented it from taking any action during the last 6 months of the case

17  since it was reopened.  Now that Trustee has a ready and willing buyer for the Sale

18  Assets, Debtor seeks to revisit the Motion to Reopen that was filed in December, 2019.

19          The fact of the matter is, Debtor did not file a timely or untimely opposition to the

20  Motion to Reopen.  Instead, Debtor waited until Trustee filed her motion to sell the assets

21  of the Estate to seek reconsideration.  The arguments raised by Debtor were never raised

22  in an opposition to the Motion to Reopen, and Debtor has provided no evidence of

23  extraordinary circumstances that prevented him from opposing back in December,

24  including seeking reconsideration back in December.  There is no basis for

25  reconsideration under Rule 60(b)(6).  Instead, Debtor uses the Motion to Reconsider as

26  an opposition to the sale motion filed by the Trustee.  None of the arguments raised by

27  Debtor are newly discovered and could have been raised in opposition to the Motion to

28  Reopen.  Therefore, the Motion should be denied.

**C.** **Debtor Provides No Evidence to Warrant Modification of the Order Reopening Case under Rule 60(b)(3)**

Rule 60(b)(3) permits a losing party to move for relief from a final judgment, order, or proceeding for "fraud, misrepresentation, or other misconduct of an adverse party." "To prevail, the moving party must prove by clear and convincing evidence that the verdict was obtained through fraud, misrepresentation, or other misconduct and the conduct complained of prevented the losing party from fully and fairly presenting the defense." *De Saracho v. Custom Food Mach., Inc.*, 206 F.3d 874, 880 (9th Cir. 2000), cert. denied, 531 U.S. 876, 121 S.Ct. 183, 148 L.Ed.2d 126 (2000)

The Ninth Circuit has held that liberal application is not encouraged, as fraud on the court "should be read narrowly, in the interest of preserving the finality of judgments." *Toscano v. Commissioner*, 441 F.2d 930, 934 (9th Cir.1971). Further, the Ninth Circuit held that the Court 'places a high burden on a plaintiff seeking relief from a judgment based on fraud on the court. For example, in order to provide grounds for relief, the fraud must "involve an 'unconscionable plan or scheme which is designed to improperly influence the court in its decision.' " *Abatti v. Commissioner*, 859 F.2d 115, 118 (9th Cir.1988) (*quoting Toscano*, 441 F.2d at 934).

Debtor asserts relief is warranted under Rule 60(b)(3) because the Order Reopening Case was entered under "false pretenses" and the facts were misrepresented to the UST who was "duped" into doing the "dirty work" of the buyer of the Sale Assets. Again, there is no evidence submitted by Debtor to support that he is entitled to relief under Rule 60(b)(3). Debtor disputes that he owned a 100% interest in the Sale Assets on the Petition Date. Trustee is informed and believes otherwise. There is no showing of false pretenses. This does not rise to the 'unconscionable plan or scheme which is designed to improperly influence the court in its decision' set forth under Ninth Circuit law. There is no other basis upon which Debtor seeks relief under this subsection and, as such, the Motion should be denied.

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

1  **V.      CONCLUSION**

2          Based upon the foregoing, the Trustee respectfully requests that the Court deny

3  the Motion to Reconsider.

4                                          Respectfully submitted,

5  Dated: May 4, 2020                      WEILAND GOLDEN GOODRICH LLP

6

7                              By:  */s/ Jeffrey I. Golden*
                                    JEFFREY I. GOLDEN
8                                   Attorneys for Chapter 7 Trustee,
                                    Weneta M.A. Kosmala
9

**Weiland Golden Goodrich LLP**
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1272105.1                               9                              OPPOSITION

1

## **DECLARATION OF JEFFREY I. GOLDEN**

2

3       I, Jeffrey I. Golden, declare as follows:

4       1.      I am a member in the law firm Weiland Golden Goodrich LLP, counsel for

5   Weneta M.A. Kosmala, the chapter 7 trustee ("Trustee") of the bankruptcy estate

6   ("Estate") of debtor Ahmad Malkawi ("Debtor").  I know each of the following facts to be

7   true of my own personal knowledge, except as otherwise stated, and, if called as a

8   witness, I could and would competently testify with respect thereto.  I make this

9   declaration in support of the Trustee's *Objection to Motion by Debtor to Reconsider or*

10  *Vacate Order Reopening Case or, in the Alternative, to Close Case* ("Opposition").  All

11  capitalized terms have the same meaning or definition as the capitalized terms in the

12  Opposition.

13      2.      According to Schedule B - Personal Property, as of the Petition Date, Debtor

14  asserted he owned and held forty-nine percent (49%) of the shares of stock of Global

15  Telecom, Corp, a California corporation ("Global Telecom") which Debtor valued at

16  $700.00, and which, by the filing of the Case and the Trustee's appointment, are now

17  vested in the Trustee for the benefit of the Estate.

18      3.      According to the records of the State of Delaware Secretary of State, Global

19  Telecom Engineering, Inc., a Delaware corporation ("Global Telecom Engineering"), was

20  formed and incorporated on October 8, 2018.

21      4.      According to the records of the Secretary of State for the State of California,

22  Global Telecom, merged with and into Global Telecom Engineering, on October 8, 2018,

23  the same date as the date of the formation and incorporation of Global Telecom

24  Engineering, as evidenced by a Certificate of Merger filed with the State of Delaware

25  Secretary of State on October 8, 2018, a copy of which was filed with the Secretary of

26  State for the State of California on October 9, 2018, as California Secretary of State Filing

27  Number D1477552.

28

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

1    5.    Debtor's Schedule J indicates that as of the Petition Date, Debtor was

2    married and resided with his spouse in California, which is a community property state.

3    6.    Debtor has produced no pre-nuptial agreement or post-nuptial agreement

4    between Debtor and his spouse.

5    I declare under penalty of perjury that the foregoing is true and correct.

6    Executed on this 4th day of May, 2020, at Los Angeles, California.

7

8    _____
                                    */s/ Jeffrey I. Golden*

9                                     Jeffrey I. Golden

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Weiland Golden Goodrich LLP**
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

## DECLARATION OF JEFFREY S. SHINBROT

I, Jeffrey S. Shinbrot, declare as follows:

1.      I am an attorney duly admitted to practice before this Court.  I am an attorney for Seowon Intech Co., Ltd. (hereafter "Seowon").  The facts set forth in this declaration are true and based on my own personal knowledge, except for those matters that are stated on information and belief and, as to those matters, I believe them to be true.  If called upon to testify as to any matters set forth in this declaration, I could and would do so competently.

**A.      Pending Action in Civil Court**

2.      There is a pending civil court case styled *Global Telecom Corporation v. Seowon*, USDC Case No. 8:16-cv-02212-VAP-DFM (the "pending civil court action").

3.      In the pending civil court action, Seowon filed a motion seeking to remove the confidential designation ("Motion to Unseal") over testimony on who owns Global Engineering, Inc. ("Global Engineering").

4.      The Motion to Unseal is set to be heard on May 12, 2020, Docket Document No. 115 in the pending civil court action.  I understand that the confidential portion of the deposition transcript was filed under seal on April 15, 2020 in the pending civil court as Docket Document No. 120 (the "Sealed Testimony").

**B.      Conflicting Representations on Global Telecom Ownership**

5.      Mr. Malkawi's bankruptcy schedules disclose that on the Petition Date, he owned 49% of Global Telecom, but those schedules do not disclose that his spouse Andrada Costoiu owned 51% of Global Telecom.  *See*, Ex. 1 attached to Motion to Sell, Docket No. 48 in this case.

6.      Based on the non-confidential excerpts from a deposition in the pending civil court action, Mr. Malkawi testified that he owned 49% of Global Telecom and that his spouse Ms. Costoiu has always owned 51% of Global Telecom.  *See*, Exhibit 1, p. 10:2-6 and p. 94:10-12 from the April 5, 2019 deposition of the Person Most Qualified of Global Telecom; true and correct copies of excerpts from the deposition are attached hereto as Exhibit 1.

7.      Based on non-confidential excerpts from the deposition of Ms. Costoiu, she at first testified that she did not know "if he made" her a shareholder but then testified that she may have

1 | had shares in Global Telecom. *See*, Exhibit 2, p. 90:3-15 from Andrada Costoiu deposition; true
2 | and correct copies of excerpts from the deposition are attached hereto as Exhibit 2.

3 |     8.    In the declaration that Mr. Malkawi filed with the bankruptcy court on April 27,
4 | 2020, he states: "On or about January 3, 2018, I acquired from my wife the other 510 shares of
5 | Global Telecom" which I understand constitutes 51% of Global Telecom. *See*, Malkawi Dec. ¶16.
6 | I am informed and believe that in the Sealed Testimony Mr. Malkawi provided different testimony
7 | at p. 16:2-10 of the Sealed Testimony.

8 |     **C.**    **Malkawi Merged Global Telecom into Global Engineering**

9 |     9.    Based on non-confidential excerpts from a deposition in the pending civil court
10 | action, Mr. Malkawi testified that he was the sole employee of Global Telecom and that he is the
11 | sole employee of Global Engineering. *See*, Ex. 1 p. 18:6-11, 48:23-49:9.

12 |     10.    Based on non-confidential excerpts from a deposition in the pending civil court
13 | action, Mr. Malkawi testified that he merged Global Telecom into Global Engineering in October
14 | 2018 with the assistance of his attorney. *See*, Ex. 1 p. 19:11-20:20, *see also*, Exhibit 3 attached
15 | hereto which is a true and correct copy of the Certificate of Merger which was included in Ex. 81
16 | of the April 5, 2019 deposition.

17 |     11.    In the declaration that Mr. Malkawi filed with the bankruptcy court on April 27,
18 | 2020, he states: "I own approximately 87% of the outstanding Global Engineering shares." *See*,
19 | Malkawi Dec. ¶18. I am informed and I believe that in the Sealed Testimony Mr. Malkawi
20 | provided conflicting testimony about who owns Global Engineering at p. 16:17-23 of the Sealed
21 | Testimony.

22 |     I declare under penalty of perjury under the laws of the United States of America that the
23 | foregoing is true and correct.

24 |     Executed on this 4th day of May 2020, at Los Angeles, California.

25 |
26 |     _____
27 |     Jeffrey S. Shinbrot
28 |

283519.1

2

DECLARATION ISO APPLICATION TO FILE UNDER SEAL

# EXHIBIT 1

Atkinson-Baker, Inc.
www.depo.com

1              UNITED STATES DISTRICT COURT

2        CENTRAL DISTRICT OF CALIFORNIA SOUTHERN DIVISION

3

4    GLOBAL TELECOM CORPORATION, a    )
     California corporation,          )
5                                     )
                     Plaintiff,       )
6                                     )
            vs.                       )  No.
7                                     )  8:16-CV-02212-AG-DFM
     SEOWON INTECH, CO., LTD, a       )
8    Korean corporation, and DOES     )
     1-10,                            )
9                                     )
                     Defendant.       )
10   _____  )
     CAPTION CONTINUED ON NEXT PAGE

11

12

13

14      VIDEOTAPED DEPOSITION OF GLOBAL TELECOM CORPORATION

15          BY AND THROUGH PERSON MOST QUALIFIED,

16                      AHMAD MALKAWI

17                 LOS ANGELES, CALIFORNIA

18                    APRIL 5, 2019

19

20

21
     ATKINSON-BAKER, INC.
22   (800) 288-3376
     www.depo.com
23
     REPORTED BY:  MARYLYNNE SANDOVAL-ROBLES,
24               CSR NO. 12498

25   FILE NO:  AD03352
                                               1

**CERTIFIED COPY**

Atkinson-Baker, Inc.
www.depo.com

```
 1            MR. DIAL:  Stephen F. Dial representing the

 2     plaintiff, Global Telecom, and defending the

 3     deponent, Mr. Ahmad Malkawi, as person most

 4     knowledgeable.

 5

 6                    AHMAD MALKAWI,

 7            called as a witness by and on behalf

 8            of the Defendant, being first duly

 9            sworn, was examined and testified

10            as follows:

11

12                    EXAMINATION

13     BY MR. RENDON:

14        Q.   Good morning, you remember the admonitions

15     we provided the last time you were here in          11:45:56

16     deposition?

17        A.   I do.

18        Q.   Okay.  The -- the one I'll just revisit is

19     the one that -- is the oath that you just took and

20     it's, as I mentioned, the same oath that you'll     11:46:07

21     provide in court and it -- even though we're in an

22     informal setting, it carries the same weight and

23     effect as if you're providing testimony in court.

24            Do you understand that?

25        A.   I do.                                        11:46:22
```

7

Atkinson-Baker, Inc.
www.depo.com

1      A.   I don't.

2      Q.   Who owns the shares of Global Telecom?

3      A.   I do.

4      Q.   Do you own -- own a hundred percent?

5      A.   At the time we did this I believe I owned 49      11:48:54

6  percent and Andrada Costoiu owned 51 percent.

7      Q.   And when did you become a hundred percent

8  owner?

9      A.   For Global Telecom Corp.?

10     Q.   Yes.  Yes.  Global Telecom Corp -- a hundred      11:49:16

11 percent owner of, you know, of all the shares?

12     A.   I -- I don't remember owning a hundred

13 percent of Global Telecom Corp.

14          MR. DIAL:  And -- and, Counsel, I -- just

15 anticipating your line of questioning, if you -- if      11:49:29

16 you go into the percentage of ownership and Global

17 Telecom presently, I'm afraid I'm going to have to

18 designate as -- as confidential.  So if we get to

19 that, could we have Mr. Kim leave the room as agreed?

20          MR. RENDON:  Okay.                              11:49:50

21 BY MR. RENDON:

22     Q.   Without disclosing the name of who owns

23 the -- the shares, when did your ownership of the

24 shares go from 49 percent to a hundred percent?

25     A.   Under Global Telecom Corp.?                     11:50:04

Atkinson-Baker, Inc.
www.depo.com

```
 1              (Continuation of Regular,

 2              Non-confidential testimony.)

 3              THE VIDEOGRAPHER:  We are back on the record

 4      at 11:56 a.m.

 5      BY MR. RENDON:                                    11:56:51

 6         Q.    The -- have you been the director, chief

 7      executive officer, president, secretary and chief

 8      financial officer of Global Telecom Corp from the time

 9      Global Telecom Corp was incorporated until the time that

10      it merged into Global Engineering?                11:57:13

11         A.    Yes.

12         Q.    Looking at the second page of Exhibit 80, did

13      you review and approve this information before it was

14      submitted to the Secretary of State?

15         A.    Just a quick question, is this supposed to be   11:57:45

16      marked as Exhibit 80?

17              MR. DIAL:  Yeah.  It's a multipage exhibit.

18              MR. RENDON:  Page 2 of Exhibit 80.

19              THE WITNESS:  But it's not marked as an

20      Exhibit 80.  Don't usually mark it down.         11:57:58

21              THE REPORTER:  I put it --

22              THE WITNESS:  Oh, you did?  Okay.

23              THE REPORTER:  I put an 80 on the back but it

24      has to be -- if you want to hold on, I can do it.  It's

25      up to you.
```

18

Atkinson-Baker, Inc.
www.depo.com

```
 1              THE WITNESS:  It's fine.

 2              Just -- just for formality.

 3              Okay.  Please, one more time the question?

 4   BY MR. RENDON:

 5        Q.    Sure.  The second page of Exhibit 80 is a        11:58:10

 6   Secretary of State -- state statement of information.

 7   Did you review and approve and make sure that the

 8   information on that sheet is correct before it was

 9   submitted to the Secretary of State?

10        A.    Yes.                                             11:58:23

11        Q.    We're marking as Exhibit No. 81 this next

12   document.

13              (Defendant's Exhibit 81 was marked

14              for identification by the court

15              reporter and is attached hereto.)                11:58:44

16   BY MR. RENDON:

17        Q.    While you're looking at this, the first page

18   of Exhibit 81 is a Secretary of State Statement of

19   Information with a file stamp date of September 12th of

20   2018.  And then starting on Page 2 through the end of       11:59:06

21   the exhibit is another document.  The first page of

22   which states Delaware, and it's got a Secretary of

23   State of California filing date of October 9 of 2018.

24   And then the third page is a certificate of merger of

25   Global Telecom Corp into Global Telecom Engineering.        11:59:32
```

PMK: Ahmad Malkawi
April 5, 2019
EXHIBIT 1      PAGE 18

Atkinson-Baker, Inc.
www.depo.com

1    Looking at page 81 --

2        A.    What page?

3        Q.    Exhibit 81, first page.  Thank you.   There --

4    there's a checkbox on that -- on item No. 3.

5            Do you see that?                              12:00:00

6        A.    Uh-huh.

7        Q.    Did you review and approve this document and

8    approve that check mark being there before it was filed

9    with the Secretary of State?

10       A.    To the best of my knowledge I did, yes.      12:00:11

11       Q.    And in looking at the document, pages 2, 3 and

12   4 of Exhibit 81, which is the Certificate of Merger of

13   Global Telecom Corp into Global Telecom Engineering.

14   The last page of this document has a signature above the

15   typed name Ahmad Malkawi.                             12:00:57

16           Is that your signature?

17       A.    It is, yes.

18       Q.    Was there anybody else other than you and a

19   lawyer involved in drafting this Certificate of Merger?

20       A.    No.                                         12:01:09

21       Q.    Why did Global Telecom merge into Global

22   Engineering -- Global Telecom Engineering?

23       A.    I don't see the relevant [sic] for that.  I --

24   I can't disclose that here.

25           MR. DIAL:  You want to -- you want to have    12:01:33

20

Atkinson-Baker, Inc.
www.depo.com

1   correctly, your business model wouldn't even require

2   hiring anybody in order to achieve these sales

3   projections that are set forth in Exhibit 75.

4            Is that fair to say?

5       A.    At that moment, correct.  At that particular    12:36:11

6   moment, yes.  Time changes, you know, requirements

7   change.  But at that particular moment, yes.

8       Q.    Has that changed now?

9       A.    Our growth is far more than this.  So yes, so

10  we actually brought couple more people.              12:36:26

11      Q.    All right.  When did you bring in new people?

12      A.    This year.  2019.

13      Q.    Okay.  Who did you bring in?

14      A.    The -- well, first of all, they're not

15  officially hired yet so I cannot disclose their names.    12:36:40

16      Q.    I -- I'm sorry?

17      A.    They're not officially hired yet.

18      Q.    I see.

19      A.    So, you know, it's -- there's no reason to

20  disclose any names of people, just --              12:36:49

21      Q.    Okay.

22      A.    They're really job descriptions now.

23      Q.    Okay.  So -- but as of today, Global Telecom

24  has no employees.  Is that fair to say?

25      A.    That is correct.                   12:36:58

48

Atkinson-Baker, Inc.
www.depo.com

1      Q.    And isn't it also fair to say that Global

2  Telecom Engineering has no employees?

3      A.    That is correct.

4      Q.    And isn't it also fair to say that before

5  Global Telecom Corp merged into Global Telecom          12:37:16

6  Engineering, it has -- it had not had any employees from

7  inception.

8          Is that fair to say?

9      A.    That is correct.

10     Q.    At the first session of this deposition,       12:37:24

11  you -- we marked as Exhibit No. 68, the master

12  procurement agreement between Huawei and Global Telecom.

13  A portion of this exhibit is redacted.

14          Did you bring an unredacted portion of this

15  exhibit with you today?                                 12:38:12

16     A.    I did not.

17     Q.    Did you bring any documents with you today?

18          MR. DIAL:   No.

19  BY MR. RENDON:

20     Q.    And that's correct?                            12:38:28

21     A.    No.

22     Q.    That is correct that you did not bring any

23  documents?

24     A.    It is correct I did not bring any documents --

25          MR. DIAL:   It is correct, we did not.          12:38:35

49

Atkinson-Baker, Inc.
www.depo.com

1          THE WITNESS:  Do you want me to remind you?

2     BY MR. RENDON:

3          Q.    I -- I asked you --

4          A.    I'll be happy to remind you.

5          Q.    Hang on.                                          01:36:02

6          A.    Okay.

7          Q.    I -- I have not asked this question.

8          A.    I'll -- I'll remind you.

9          Q.    Okay.  Remind me, please.

10         A.    Okay.  You asked the question before has    01:36:08

11    Andrada Costoiu always owned 51 percent of Global

12    Telecom Corp and I answered you, I said yes.

13         MR. DIAL:  And -- and -- and we have on the

14    record that it was incorporated in 2011 --

15         THE WITNESS:  '11.                                 01:36:22

16         MR. DIAL:  Four years before the bankruptcy.

17    So in other words --

18         THE WITNESS:  So I will answer that question.

19    I'll answer it again.

20    BY MR. RENDON:                                          01:36:29

21         Q.    So --

22         A.    So --

23         Q.    -- the question I have is --

24               (Speaking simultaneously.)

25               (Whereupon the court reporter gives

94

1    STATE OF CALIFORNIA      )
                             )    ss.
2    COUNTY OF LOS ANGELES   )

3

4         I, MARYLYNNE SANDOVAL-ROBLES, CSR No. 12498,

5    a court reporter for the County of Los Angeles, State

6    of California, do hereby certify;

7         That prior to being examined, the witness

8    named in the foregoing deposition, was by me duly

9    sworn to testify the truth, the whole truth, and

10   nothing but the truth;

11        That said deposition was taken before me at

12   the time and place herein set forth, and was taken by

13   me in shorthand and thereafter transcribed into

14   typewriting under my direction and supervision, and I

15   hereby certify that the said deposition is a full,

16   true and correct transcript of my shorthand notes so

17   taken;

18        I further certify that I am neither counsel

19   for nor related to any party to said action, nor in

20   any way interested in the outcome thereof.

21        IN WITNESS WHEREOF, I hereto subscribe my

22   name this 6 day of May , 2019.

23

24

25        Certified Shorthand Reporter in
          and for the County of Los Angeles,

EXHIBIT 1     PAGE 23

# EXHIBIT 2

```
 1              UNITED STATES DISTRICT COURT

 2         CENTRAL DISTRICT OF CALIFORNIA SOUTHERN DIVISION

 3                          - - -

 4   GLOBAL TELCOM CORPORATION, a      )
     California corporation,           )   CERTIFIED COPY
 5                                     )
                  Plaintiff,           )
 6                                     )
                  vs.                  )   No. 8:16-CV-02212-AG-DFM
 7                                     )
     SEOWON INTECH, CO., LTD, a        )
 8   Korean corporation, and Does 1-10 )
                                       )
 9                Defendants.          )
     _____)
10   SEOWON INTECH, CO., LTD, a Korean )
     corporation, and DOES 1-10,       )
11                                     )
                  Counter-claimant,    )
12                                     )
                  vs.                  )
13                                     )
     GLOBAL TELCOM CORPORATION, a      )
14   California corporation,           )
                                       )
15                Counter-defendants.  )
     _____)
16

          THIS TRANSCRIPT CONTAINS CONFIDENTIAL PORTIONS

18               PURSUANT TO PROTECTIVE ORDER

19                     DEPOSITION OF

20                    ANDRADA COSTOIU

21                 LOS ANGELES, CALIFORNIA

22                    MARCH 5, 2019

23   Atkinson-Baker, Inc.
     (800)288-3376
24   www.depo.com
     REPORTED BY:  AMY PRATT, CSR NO. 8709
25   FILE NO.:  AD0255D
```

Atkinson-Baker, Inc.
www.depo.com

```
 1          LOS ANGELES, CALIFORNIA; TUESDAY, MARCH 5, 2019

 2                       10:04 A.M.

 3                        - - -

 4                    Andrada Costoiu,

 5   having declared under penalty of perjury to tell the

 6   truth, was examined and testified as follows:

 7

 8                     EXAMINATION

 9   BY MR. RENDON:

10       Q    Good morning.

11       A    Good morning.

12       Q    My name is Pat Rendon, and I'm the lawyer

13   representing Seowon in this lawsuit.  When I refer to

14   "this lawsuit," it's "Global Telecom versus Seowon."

15            Are you familiar with that case?

16       A    Yes.

17       Q    Okay.  As you noticed before we went on the

18   record, the court reporter swore you in, and even though

19   we're in an informal setting today, the testimony you

20   provide today and the oath that you have provided

21   carries the same weight and effect as if you were

22   providing it in a court of law.

23            Do you understand that?

24       A    Yes.

25       Q    The court reporter is carefully and dutifully
```

1    that time?

2        A    No.

3        Q    Have you ever been a shareholder or owned any

4    shares in Global Telecom?

5        A    I don't know if he made me a shareholder.  I

6    don't know.

7        Q    Do you know whether there have been any other

8    shareholders -- or who are the shareholders in Global

9    Telecom?

10       A    He is.  My husband.

11       Q    Okay.  Mr. Malkawi.

12       A    Mr. Malkawi, yes.

13       Q    Do you know whether he's been the only person

14   who's owned shares in Global Telecom?

15       A    I think I might have had shares of his company.

16       Q    Do you know when you had shares in Global

17   Telecom?

18       A    No.

19       Q    When you say you think you did, what's the

20   basis of that statement?  What do you recall in that

21   regard?

22       A    I just think.  I remember we talked about that.

23       Q    When did you talk about that, owning or having

24   shares in Global Telecom?

25       A    I don't remember.

```
 1                      REPORTER'S CERTIFICATE

 2

 3            I, AMY PRATT, CSR No. 8709, Certified

 4    Shorthand Reporter, certify;

 5            That the foregoing proceedings were taken

 6    before me at the time and place therein set forth, at

 7    which time the witness was put under oath by me;

 8            That the testimony of the witness, the

 9    questions propounded, and all objections and statements

10    made at the time of the examination were recorded

11    stenographically by me and were thereafter transcribed;

12            That a review of the transcript by the

13    deponent was requested;

14            That the foregoing is a true and correct

15    transcript of my shorthand notes so taken.

16            I further certify that I am not a relative or

17    employee of any attorney of the parties, nor financially

18    interested in the action.

19            I declare under penalty of perjury under the

20    laws of California that the foregoing is true and

21    correct.

22            Dated this 19th day of March, 2019.

23

24                          _____
                            AMY PRATT, C.S.R. No. 8709
25
```

117

EXHIBIT 2    PAGE 27

# EXHIBIT 3

D1477552

*33974000UT*

# Delaware

The First State

FILED
Secretary of State
State of California

OCT 0 9 2018

I, JEFFREY W. BULLOCK, SECRETARY OF STATE OF THE STATE OF
DELAWARE, DO HEREBY CERTIFY THE ATTACHED IS A TRUE AND CORRECT
COPY OF THE CERTIFICATE OF MERGER, WHICH MERGES:

"GLOBAL TELECOM, CORP", A CALIFORNIA CORPORATION,

WITH AND INTO "GLOBAL TELECOM ENGINEERING, INC." UNDER THE
NAME OF "GLOBAL TELECOM ENGINEERING, INC.", A CORPORATION
ORGANIZED AND EXISTING UNDER THE LAWS OF THE STATE OF DELAWARE,
AS RECEIVED AND FILED IN THIS OFFICE ON THE EIGHTH DAY OF
OCTOBER, A.D. 2018, AT 5:04 O'CLOCK P.M.

A FILED COPY OF THIS CERTIFICATE HAS BEEN FORWARDED TO THE
KENT COUNTY RECORDER OF DEEDS.



7088607  8100M
SR# 20187040083

You may verify this certificate online at corp.delaware.gov/authver.shtml

Authentication: 203571744
Date: 10-08-18

EXHIBIT 3     PAGE 28

01477552

State of Delaware
Secretary of State
Division of Corporations
Delivered 05:37 PM 10/08/2018
FILED 05:34 PM 10/08/2018
SR 20187040083 - File Number 7088607

## STATE OF DELAWARE

## CERTIFICATE OF MERGER
### OF
### GLOBAL TELECOM, CORP,
### a California Corporation

### INTO

### GLOBAL TELECOM ENGINEERING, INC.,
### A Delaware Corporation

Pursuant to Title 8, Section 252 of the Delaware General Corporation Law, the undersigned corporation executed the following Certificate of Merger:

**FIRST:** The name of the surviving corporation is Global Telecom Engineering, Inc., a Delaware corporation, and the name of the corporation being merged into the surviving corporation is Global Telecom, Corp, a California corporation.

**SECOND:** The Agreement of Merger has been approved, adopted, certified, executed and acknowledged by each of the constituent corporations pursuant to Title 8 Section 252 of the General Corporation Law of the State of Delaware.

**THIRD:** The name of the surviving corporation is Global Telecom Engineering, Inc., a Delaware corporation.

**FOURTH:** The Certificate of Incorporation of the surviving corporation shall be its Certificate of Incorporation.

**FIFTH:** The authorized stock and par value of the non-Delaware corporation is 1,000 shares of common stock, no par value.

**SIXTH:** The merger is to become effective on the date that this Certificate is filed with the office of the Secretary of State of Delaware.

**SEVENTH:** The Agreement of Merger is on file at 17901 Von Karman Avenue, Suite 600, Irvine, California 92614, an office of the surviving corporation.

**EIGHTH:** A copy of the Agreement of Merger will be furnished by the surviving corporation on request, without cost, to any stockholder of the constituent corporations.

EXHIBIT 3    PAGE 29

01477552

IN WITNESS WHEREOF, said surviving corporation has caused this certificate to be signed by an authorized officer, the 8th day of October, 2018,

> Global Telecom Engineering, Inc.,
> a Delaware corporation
>
> By: _Ahmad Malkawi_
> Authorized Officer
> Ahmad Malkawi
> President

2

EXHIBIT 3    PAGE 30

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

**650 Town Center Drive, Suite 600**
**Costa Mesa, California 92626**

A true and correct copy of the foregoing document entitled (*specify*): <u>Opposition to Chapter 7 Trustee to Motion Filed by</u>
<u>Debtor to Reconsider or Vacate Order Reopening Case or, in the Alternative, to Close Case; Declarations of Jeffrey I.</u>
<u>Golden and Jeffrey Shinbrot in Support</u>
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in
the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General
Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)
<u>May 4, 2020</u>, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the
following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) <u>May 4, 2020</u>, I served the following persons and/or entities at the last known addresses in this bankruptcy case
or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first
class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge
<u>will be completed</u> no later than 24 hours after the document is filed.

Honorable Mark S. Wallace
United States Bankruptcy Court
411 West Fourth Street, Suite 6135 / Courtroom 6C
Santa Ana, CA 92701-4593

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method
for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) <u>May 4, 2020</u>, I served the
following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to
such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration
that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is
filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 5/4/2020 | Victoria Rosales | *victoria* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:
Reem J Bello     rbello@wgllp.com,
kadele@wgllp.com;vrosales@wgllp.com;cyoshonis@wgllp.com;cbmeeker@gmail.com
Rebecca A Caley     rcaley@caleylaw.com, kristina@caleylaw.com;carolyn@caleylaw.com
Weneta M Kosmala (TR)     ecf.alert+Kosmala@titlexi.com,
wkosmala@txitrustee.com;dmf@txitrustee.com;kgeorge@kosmalalaw.com
Austin P Nagel     melissa@apnagellaw.com
Michael B Reynolds     mreynolds@swlaw.com, kcollins@swlaw.com
Jeffrey S Shinbrot     jeffrey@shinbrotfirm.com, sandra@shinbrotfirm.com
Andrew Still     astill@swlaw.com, kcollins@swlaw.com
United States Trustee (SA)     ustpregion16.sa.ecf@usdoj.gov

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                    **F 9013-3.1.PROOF.SERVICE**