1  **WEILAND GOLDEN GOODRICH LLP**
   Jeffrey I. Golden, State Bar No. 133040
2  jgolden@wgllp.com
   Reem J. Bello, State Bar No. 198840
3  rbello@wgllp.com
   650 Town Center Drive, Suite 600
4  Costa Mesa, California 92626
   Telephone    714-966-1000
5  Facsimile     714-966-1002

6  Counsel for Chapter 7 Trustee
   Weneta M.A. Kosmala
7

8              **UNITED STATES BANKRUPTCY COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10             **SANTA ANA DIVISION**

11 | In re                              | Case No. 8:15-bk-10182-MW

12 | AHMAD MALKAWI,                      | Chapter 7

13 |                      Debtor.        | **REPLY TO DEBTOR'S OPPOSITION TO CHAPTER 7 TRUSTEE'S MOTION FOR ORDER AUTHORIZING SALE,**
14 |                                     | **APPROVING OVERBID PROCEDURES AND APPROVING PROPOSED BUYER**
15 |                                     | **AS GOOD FAITH PURCHASER PURSUANT TO 11 U.S.C. § 363;**
16 |                                     | **DECLARATION OF JEFFREY SHINBROT**
17 |                                     | **IN SUPPORT**

18 |                                     | **Date:    May 11, 2020**
   |                                     | **Time:    2:00 p.m.**
19 |                                     | **Ctrm:    6C**
   |                                     | **411 West Fourth Street**
20 |                                     | **Santa Ana, California 92701**

21

22

23 **TO THE HONORABLE MARK S. WALLACE, UNITED STATES BANKRUPTCY**

24 **JUDGE; THE OFFICE OF THE UNITED STATES TRUSTEE; DEBTOR AND DEBTOR'S**

25 **COUNSEL; AND PARTIES IN INTEREST:**

26        Weneta M.A. Kosmala, the duly appointed, qualified and acting Chapter 7 trustee

27 ("Trustee") for the bankruptcy estate ("Estate") of debtor Ahmad Malkawi ("Debtor"),

28 submits this reply ("Reply") to Debtor's opposition ("Opposition") to the Trustee's *Motion*

1272216.1                                                                    REPLY

*Weiland Golden Goodrich LLP*
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1    for Order:  (1) Authorizing Sale of Personal Property Assets Free and Clear of Liens and

2    Interests Pursuant to 11 U.S.C. §§ 363(b) and (f); (2) Approving Overbid Procedures; and

3    (3) Approving Proposed Buyer as Good-Faith Purchaser Pursuant to 11 U.S.C. § 363(m)

4    ("Sale Motion").  In support of the Reply, the Trustee submits the declaration of Jeffrey

5    Shinbrot ("Shinbrot Declaration"), and respectfully represents as follows:

6

7    **I.    <u>INTRODUCTION</u>**

8        As demonstrated in the Sale Motion,[1] the Trustee is authorized to sell the Sale

9    Assets pursuant to Section 363(b) of the Bankruptcy Code.  By the Opposition, Debtor is

10   attempting to interfere with the Trustee's authority to sell the Sale Assets not only by

11   disputing the Estate's interest in the Sale Assets but by imposing an investigative role on

12   the Trustee with respect to the Buyer, the Buyer's role in reopening Debtor's case, and the

13   nature and value of pending civil litigation.  This is ridiculous.  The Court is not being

14   asked to make a determination or finding as to the Estate's right, title and interest in the

15   Sale Assets.  Instead, the Trustee seeks an order from the Court authorizing her to sell

16   the Estate's right, title and interest in the Sale Assets, whatever that may be, as-is, where-

17   is, and with no representations or warranties.  Finally, the Sale Assets are being sold

18   subject to overbid and is open to all qualifying overbidders.

19       Based on the foregoing, the Trustee respectfully requests that for all of the reasons

20   set forth in the Sale Motion and in this Reply, the Court enter an order granting the Sale

21   Motion and all of the relief requested therein.

22

23

24

25

26   _____

27   [1] Any and all capitalized terms not expressly defined herein shall have the meaning ascribed to them in
the Sale Motion.

28

WEILAND Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

1272216.1

REPLY

**Weiland Golden Goodrich LLP**
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

II.  **THE COURT SHOULD GRANT THE SALE MOTION AND AUTHORIZE THE SALE OF THE SALE ASSETS AS SET FORTH THEREIN**

A.  **The Trustee Has a Duty to Administer Assets**

Under 11 U.S.C. § 704(a)(1), the Trustee is required to collect and reduce to money property of the estate.  As such, the Trustee has a duty to administer assets of the Estate and to distribute them to creditors of the Estate, which is exactly what the Trustee is doing in this Case.  Here, the Trustee believes the Sale Assets have value that may be administered for the benefit of creditors of the Estate.  Therefore, Debtor's argument that all assets have been administered and the Case should be closed, is disingenuous.

B.  **The Proposed Sale Satisfies the Requirements of 11 U.S.C. § 363(b)**

The Sale Motion specifically sets forth the grounds upon which the Court can approve the sale pursuant to 11 U.S.C. § 363(b).  The sale is supported by a legitimate business justification, is fair and reasonable, and the transaction is in the best interests of the Estate and creditors.  The Trustee has undisputed authority to sell the Sale Assets, and the Court should grant the Sale Motion and authorize the sale.

C.  **The Trustee Does Not Seek a Finding From the Court**

The Court is not being asked to make a determination or finding as to the Estate's right, title and interest in the Sale Assets.  Instead, the Trustee seeks an order from the Court authorizing her to sell the Estate's right, title and interest in the Sale Assets, whatever that may be, as-is, where-is, and with no representations or warranties.  Finally, the Sale Assets are being sold subject to overbid and is open to all qualifying overbidders. Trustee is informed and believes, however, that as of the Petition Date, the Estate held a 100% community interest in the assets at issue.  Debtor disputes this percentage ownership interest, but evidence exists that contradicts Debtor's purported fractional interest.

D.  **Debtor's Arguments are Irrelevant, Unnecessary and Inappropriate**

Debtor complains that the Trustee failed to investigate (i) the Buyer, a Korean corporation, (ii) the Buyer's role in the reopening of the Case, (iii) the civil litigation

1   between Debtor and the Buyer, and (iv) the value of the civil litigation between Debtor and

2   the Buyer.  As set forth on the Sale Motion, Global Telecom, Corp., and Global Telecom

3   Engineering, Inc., are privately held companies.  Therefore, the Trustee is unable to

4   determine the value of the Sale Assets.  The Trustee, in her business judgment, believes

5   the Purchase Price is reasonable and wishes to proceed with the sale of the Sale Assets

6   to Buyer, subject to overbid, which will ensure that the best possible price is obtained.

7       On one hand, Debtor is seeking an order closing his case because, allegedly, there

8   are no assets to administer, while at the same time Debtor asserts that the Trustee is

9   underselling the Sale Assets.  The Trustee is attempting to realize value for creditors from

10  an estate where Debtor asserts there is nothing to administer.

11      In summary, there are no grounds for Debtor to impose restrictions on the

12  Trustee's ability to sell assets of the Estate.  Debtor's Opposition is inappropriate in view

13  of the Trustee's sole authority to administer Estate assets.

14

15  **III.    CONCLUSION**

16      For the reasons stated in the Reply and the Sale Motion, the Trustee respectfully

17  requests that the Court grant the Sale Motion.

18                          Respectfully submitted,

19  Dated: May 4, 2020           WEILAND GOLDEN GOODRICH LLP

20

21                          By:  */s/ Jeffrey I. Golden*
                                 JEFFREY I. GOLDEN
22                               REEM J. BELLO
                                 Attorneys for Chapter 7 Trustee,
23                               Weneta M.A. Kosmala

24

25

26

27

28

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

### DECLARATION OF JEFFREY S. SHINBROT

I, Jeffrey S. Shinbrot, declare as follows:

1.      I am an attorney duly admitted to practice before this Court.  I am an attorney for Seowon Intech Co., Ltd. (hereafter "Seowon").  The facts set forth in this declaration are true and based on my own personal knowledge, except for those matters that are stated on information and belief and, as to those matters, I believe them to be true.  If called upon to testify as to any matters set forth in this declaration, I could and would do so competently.

**A.      Pending Action in Civil Court**

2.      There is a pending civil court case styled *Global Telecom Corporation v. Seowon*, USDC Case No. 8:16-cv-02212-VAP-DFM (the "pending civil court action").

3.      In the pending civil court action, Seowon filed a motion seeking to remove the confidential designation ("Motion to Unseal") over testimony on who owns Global Engineering, Inc. ("Global Engineering").

4.      The Motion to Unseal is set to be heard on May 12, 2020, Docket Document No. 115 in the pending civil court action.  I understand that the confidential portion of the deposition transcript was filed under seal on April 15, 2020 in the pending civil court as Docket Document No. 120 (the "Sealed Testimony").

**B.      Conflicting Representations on Global Telecom Ownership**

5.      Mr. Malkawi's bankruptcy schedules disclose that on the Petition Date, he owned 49% of Global Telecom, but those schedules do not disclose that his spouse Andrada Costoiu owned 51% of Global Telecom.  *See*, Ex. 1 attached to Motion to Sell, Docket No. 48 in this case.

6.      Based on the non-confidential excerpts from a deposition in the pending civil court action, Mr. Malkawi testified that he owned 49% of Global Telecom and that his spouse Ms. Costoiu has always owned 51% of Global Telecom.  *See*, Exhibit 1, p. 10:2-6 and p. 94:10-12 from the April 5, 2019 deposition of the Person Most Qualified of Global Telecom; true and correct copies of excerpts from the deposition are attached hereto as Exhibit 1.

7.      Based on non-confidential excerpts from the deposition of Ms. Costoiu, she at first testified that she did not know "if he made" her a shareholder but then testified that she may have

1 | had shares in Global Telecom. *See*, Exhibit 2, p. 90:3-15 from Andrada Costoiu deposition; true

2 | and correct copies of excerpts from the deposition are attached hereto as Exhibit 2.

3 |       8.    In the declaration that Mr. Malkawi filed with the bankruptcy court on April 27,

4 | 2020, he states: "On or about January 3, 2018, I acquired from my wife the other 510 shares of

5 | Global Telecom" which I understand constitutes 51% of Global Telecom. *See*, Malkawi Dec. ¶16.

6 | I am informed and believe that in the Sealed Testimony Mr. Malkawi provided different testimony

7 | at p. 16:2-10 of the Sealed Testimony.

8 |       **C.**    **Malkawi Merged Global Telecom into Global Engineering**

9 |       9.    Based on non-confidential excerpts from a deposition in the pending civil court

10 | action, Mr. Malkawi testified that he was the sole employee of Global Telecom and that he is the

11 | sole employee of Global Engineering. *See*, Ex. 1 p. 18:6-11, 48:23-49:9.

12 |       10.    Based on non-confidential excerpts from a deposition in the pending civil court

13 | action, Mr. Malkawi testified that he merged Global Telecom into Global Engineering in October

14 | 2018 with the assistance of his attorney. *See*, Ex. 1 p. 19:11-20:20, *see also*, Exhibit 3 attached

15 | hereto which is a true and correct copy of the Certificate of Merger which was included in Ex. 81

16 | of the April 5, 2019 deposition.

17 |       11.    In the declaration that Mr. Malkawi filed with the bankruptcy court on April 27,

18 | 2020, he states: "I own approximately 87% of the outstanding Global Engineering shares." *See*,

19 | Malkawi Dec. ¶18. I am informed and I believe that in the Sealed Testimony Mr. Malkawi

20 | provided conflicting testimony about who owns Global Engineering at p. 16:17-23 of the Sealed

21 | Testimony.

22 |       I declare under penalty of perjury under the laws of the United States of America that the

23 | foregoing is true and correct.

24 |       Executed on this 4th day of May 2020, at Los Angeles, California.

25 |

26 |                             _____

27 |                     Jeffrey S. Shinbrot

28 |

283519.1

DECLARATION ISO APPLICATION TO FILE UNDER SEAL

# EXHIBIT 1

Atkinson-Baker, Inc.
www.depo.com

1              UNITED STATES DISTRICT COURT

2         CENTRAL DISTRICT OF CALIFORNIA SOUTHERN DIVISION

3

4   GLOBAL TELECOM CORPORATION, a    )
    California corporation,          )            **CERTIFIED COPY**
5                                    )
                 Plaintiff,          )
6                                    )
           vs.                       ) No.
7                                    ) 8:16-CV-02212-AG-DFM
    SEOWON INTECH, CO., LTD, a       )
8   Korean corporation, and DOES     )
    1-10,                            )
9                                    )
                 Defendant.          )
10  _____  )
    CAPTION CONTINUED ON NEXT PAGE

11

12

13

14      VIDEOTAPED DEPOSITION OF GLOBAL TELECOM CORPORATION

15          BY AND THROUGH PERSON MOST QUALIFIED,

16                   AHMAD MALKAWI

17              LOS ANGELES, CALIFORNIA

18                  APRIL 5, 2019

19

20

21

    ATKINSON-BAKER, INC.
22  (800) 288-3376
    www.depo.com
23

    REPORTED BY:  MARYLYNNE SANDOVAL-ROBLES,
24                CSR NO. 12498

25  FILE NO:  AD03352

                                                    1

Atkinson-Baker, Inc.
www.depo.com

```
 1            MR. DIAL:  Stephen F. Dial representing the
 2   plaintiff, Global Telecom, and defending the
 3   deponent, Mr. Ahmad Malkawi, as person most
 4   knowledgeable.
 5
 6                  AHMAD MALKAWI,
 7            called as a witness by and on behalf
 8            of the Defendant, being first duly
 9            sworn, was examined and testified
10            as follows:
11
12                  EXAMINATION
13   BY MR. RENDON:
14       Q.   Good morning, you remember the admonitions
15   we provided the last time you were here in          11:45:56
16   deposition?
17       A.   I do.
18       Q.   Okay.  The -- the one I'll just revisit is
19   the one that -- is the oath that you just took and
20   it's, as I mentioned, the same oath that you'll     11:46:07
21   provide in court and it -- even though we're in an
22   informal setting, it carries the same weight and
23   effect as if you're providing testimony in court.
24            Do you understand that?
25       A.   I do.                                       11:46:22
```

7

Atkinson-Baker, Inc.
www.depo.com

1      A.   I don't.

2      Q.   Who owns the shares of Global Telecom?

3      A.   I do.

4      Q.   Do you own -- own a hundred percent?

5      A.   At the time we did this I believe I owned 49      11:48:54

6  percent and Andrada Costoiu owned 51 percent.

7      Q.   And when did you become a hundred percent

8  owner?

9      A.   For Global Telecom Corp.?

10     Q.   Yes.  Yes.  Global Telecom Corp -- a hundred      11:49:16

11  percent owner of, you know, of all the shares?

12     A.   I -- I don't remember owning a hundred

13  percent of Global Telecom Corp.

14         MR. DIAL:  And -- and, Counsel, I -- just

15  anticipating your line of questioning, if you -- if      11:49:29

16  you go into the percentage of ownership and Global

17  Telecom presently, I'm afraid I'm going to have to

18  designate as -- as confidential.  So if we get to

19  that, could we have Mr. Kim leave the room as agreed?

20         MR. RENDON:  Okay.                                11:49:50

21  BY MR. RENDON:

22     Q.   Without disclosing the name of who owns

23  the -- the shares, when did your ownership of the

24  shares go from 49 percent to a hundred percent?

25     A.   Under Global Telecom Corp.?                      11:50:04

Atkinson-Baker, Inc.
www.depo.com

1          (Continuation of Regular,

2          Non-confidential testimony.)

3          THE VIDEOGRAPHER:  We are back on the record

4    at 11:56 a.m.

5    BY MR. RENDON:                                    11:56:51

6      Q.    The -- have you been the director, chief

7    executive officer, president, secretary and chief

8    financial officer of Global Telecom Corp from the time

9    Global Telecom Corp was incorporated until the time that

10   it merged into Global Engineering?                11:57:13

11     A.    Yes.

12     Q.    Looking at the second page of Exhibit 80, did

13   you review and approve this information before it was

14   submitted to the Secretary of State?

15     A.    Just a quick question, is this supposed to be  11:57:45

16   marked as Exhibit 80?

17          MR. DIAL:  Yeah.  It's a multipage exhibit.

18          MR. RENDON:  Page 2 of Exhibit 80.

19          THE WITNESS:  But it's not marked as an

20   Exhibit 80.  Don't usually mark it down.          11:57:58

21          THE REPORTER:  I put it --

22          THE WITNESS:  Oh, you did?  Okay.

23          THE REPORTER:  I put an 80 on the back but it

24   has to be -- if you want to hold on, I can do it.  It's

25   up to you.

18

PMK: Ahmad Malkawi
April 5, 2019
EXHIBIT 1     PAGE 10

Atkinson-Baker, Inc.
www.depo.com

 1              THE WITNESS:  It's fine.

 2              Just -- just for formality.

 3              Okay.  Please, one more time the question?

 4    BY MR. RENDON:

 5       Q.    Sure.  The second page of Exhibit 80 is a          11:58:10

 6    Secretary of State -- state statement of information.

 7    Did you review and approve and make sure that the

 8    information on that sheet is correct before it was

 9    submitted to the Secretary of State?

10       A.    Yes.                                               11:58:23

11       Q.    We're marking as Exhibit No. 81 this next

12    document.

13              (Defendant's Exhibit 81 was marked

14              for identification by the court

15              reporter and is attached hereto.)                 11:58:44

16    BY MR. RENDON:

17       Q.    While you're looking at this, the first page

18    of Exhibit 81 is a Secretary of State Statement of

19    Information with a file stamp date of September 12th of

20    2018.  And then starting on Page 2 through the end of       11:59:06

21    the exhibit is another document.  The first page of

22    which states Delaware, and it's got a Secretary of

23    State of California filing date of October 9 of 2018.

24    And then the third page is a certificate of merger of

25    Global Telecom Corp into Global Telecom Engineering.        11:59:32

19

PMK: Ahmad Malkawi
April 5, 2019
EXHIBIT 1     PAGE 11

Atkinson-Baker, Inc.
www.depo.com

1    Looking at page 81 --

2        A.    What page?

3        Q.    Exhibit 81, first page.  Thank you.  There --

4    there's a checkbox on that -- on item No. 3.

5            Do you see that?                                  12:00:00

6        A.    Uh-huh.

7        Q.    Did you review and approve this document and

8    approve that check mark being there before it was filed

9    with the Secretary of State?

10       A.    To the best of my knowledge I did, yes.         12:00:11

11       Q.    And in looking at the document, pages 2, 3 and

12   4 of Exhibit 81, which is the Certificate of Merger of

13   Global Telecom Corp into Global Telecom Engineering.

14   The last page of this document has a signature above the

15   typed name Ahmad Malkawi.                                  12:00:57

16           Is that your signature?

17       A.    It is, yes.

18       Q.    Was there anybody else other than you and a

19   lawyer involved in drafting this Certificate of Merger?

20       A.    No.                                              12:01:09

21       Q.    Why did Global Telecom merge into Global

22   Engineering -- Global Telecom Engineering?

23       A.    I don't see the relevant [sic] for that.  I --

24   I can't disclose that here.

25           MR. DIAL:  You want to -- you want to have         12:01:33

20

Atkinson-Baker, Inc.
www.depo.com

1    correctly, your business model wouldn't even require

2    hiring anybody in order to achieve these sales

3    projections that are set forth in Exhibit 75.

4           Is that fair to say?

5      A.    At that moment, correct.  At that particular     12:36:11

6    moment, yes.  Time changes, you know, requirements

7    change.  But at that particular moment, yes.

8      Q.    Has that changed now?

9      A.    Our growth is far more than this.  So yes, so

10   we actually brought couple more people.                  12:36:26

11     Q.    All right.  When did you bring in new people?

12     A.    This year.  2019.

13     Q.    Okay.  Who did you bring in?

14     A.    The -- well, first of all, they're not

15   officially hired yet so I cannot disclose their names.   12:36:40

16     Q.    I -- I'm sorry?

17     A.    They're not officially hired yet.

18     Q.    I see.

19     A.    So, you know, it's -- there's no reason to

20   disclose any names of people, just --                    12:36:49

21     Q.    Okay.

22     A.    They're really job descriptions now.

23     Q.    Okay.  So -- but as of today, Global Telecom

24   has no employees.  Is that fair to say?

25     A.    That is correct.                                 12:36:58

48

PMK: Ahmad Malkawi
April 5, 2019
EXHIBIT 1     PAGE 13

Atkinson-Baker, Inc.
www.depo.com

1    Q.    And isn't it also fair to say that Global

2    Telecom Engineering has no employees?

3    A.    That is correct.

4    Q.    And isn't it also fair to say that before

5    Global Telecom Corp merged into Global Telecom          12:37:16

6    Engineering, it has -- it had not had any employees from

7    inception.

8        Is that fair to say?

9    A.    That is correct.

10    Q.    At the first session of this deposition,          12:37:24

11    you -- we marked as Exhibit No. 68, the master

12    procurement agreement between Huawei and Global Telecom.

13    A portion of this exhibit is redacted.

14        Did you bring an unredacted portion of this

15    exhibit with you today?                                 12:38:12

16    A.    I did not.

17    Q.    Did you bring any documents with you today?

18        MR. DIAL:    No.

19    BY MR. RENDON:

20    Q.    And that's correct?                               12:38:28

21    A.    No.

22    Q.    That is correct that you did not bring any

23    documents?

24    A.    It is correct I did not bring any documents --

25        MR. DIAL:    It is correct, we did not.           12:38:35

PMK: Ahmad Malkawi
April 5, 2019
EXHIBIT 1    PAGE 14

Atkinson-Baker, Inc.
www.depo.com

1          THE WITNESS:  Do you want me to remind you?

2    BY MR. RENDON:

3        Q.    I -- I asked you --

4        A.    I'll be happy to remind you.

5        Q.    Hang on.                                          01:36:02

6        A.    Okay.

7        Q.    I -- I have not asked this question.

8        A.    I'll -- I'll remind you.

9        Q.    Okay.  Remind me, please.

10       A.    Okay.  You asked the question before has          01:36:08

11   Andrada Costoiu always owned 51 percent of Global

12   Telecom Corp and I answered you, I said yes.

13          MR. DIAL:  And -- and -- and we have on the

14   record that it was incorporated in 2011 --

15          THE WITNESS:  '11.                                   01:36:22

16          MR. DIAL:  Four years before the bankruptcy.

17   So in other words --

18          THE WITNESS:  So I will answer that question.

19   I'll answer it again.

20   BY MR. RENDON:                                              01:36:29

21       Q.    So --

22       A.    So --

23       Q.    -- the question I have is --

24          (Speaking simultaneously.)

25          (Whereupon the court reporter gives

PMK: Ahmad Malkawi
April 5, 2019
EXHIBIT 1    PAGE 15

1    STATE OF CALIFORNIA      )
                              )  ss.
2    COUNTY OF LOS ANGELES    )

3

4            I, MARYLYNNE SANDOVAL-ROBLES, CSR No. 12498,

5    a court reporter for the County of Los Angeles, State

6    of California, do hereby certify;

7            That prior to being examined, the witness

8    named in the foregoing deposition, was by me duly

9    sworn to testify the truth, the whole truth, and

10   nothing but the truth;

11           That said deposition was taken before me at

12   the time and place herein set forth, and was taken by

13   me in shorthand and thereafter transcribed into

14   typewriting under my direction and supervision, and I

15   hereby certify that the said deposition is a full,

16   true and correct transcript of my shorthand notes so

17   taken;

18           I further certify that I am neither counsel

19   for nor related to any party to said action, nor in

20   any way interested in the outcome thereof.

21           IN WITNESS WHEREOF, I hereto subscribe my

22   name this _6_ day of _May_ , 2019.

23

24

25                   Certified Shorthand Reporter in
                     and for the County of Los Angeles,

EXHIBIT 1     PAGE 16

# EXHIBIT 2

Atkinson-Baker, Inc.
www.depo.com

```
 1              UNITED STATES DISTRICT COURT

 2         CENTRAL DISTRICT OF CALIFORNIA SOUTHERN DIVISION

 3                         - - -

 4   GLOBAL TELCOM CORPORATION, a     )   ┌─────────────────────┐
     California corporation,          )   │   CERTIFIED COPY     │
 5                                     )   └─────────────────────┘
                  Plaintiff,          )
 6                                     )
                  vs.                 )   No. 8:16-CV-02212-AG-DFM
 7                                     )
     SEOWON INTECH, CO., LTD, a       )
 8   Korean corporation, and Does 1-10 )
                                       )
 9                Defendants.         )
     _____)
10   SEOWON INTECH, CO., LTD, a Korean )
     corporation, and DOES 1-10,      )
11                                     )
                  Counter-claimant,   )
12                                     )
                  vs.                 )
13                                     )
     GLOBAL TELCOM CORPORATION, a     )
14   California corporation,          )
                                       )
15                Counter-defendants. )
     _____)
16

         THIS TRANSCRIPT CONTAINS CONFIDENTIAL PORTIONS

18              PURSUANT TO PROTECTIVE ORDER

19                   DEPOSITION OF

20                 ANDRADA COSTOIU

21              LOS ANGELES, CALIFORNIA

22                  MARCH 5, 2019

23   Atkinson-Baker, Inc.
     (800)288-3376
24   www.depo.com
     REPORTED BY:  AMY PRATT, CSR NO. 8709
25   FILE NO.:  AD0255D
```

Atkinson-Baker, Inc.
www.depo.com

1        LOS ANGELES, CALIFORNIA; TUESDAY, MARCH 5, 2019

2                          10:04 A.M.

3                            - - -

4                      Andrada Costoiu,

5    having declared under penalty of perjury to tell the

6    truth, was examined and testified as follows:

7

8                        EXAMINATION

9    BY MR. RENDON:

10       Q    Good morning.

11       A    Good morning.

12       Q    My name is Pat Rendon, and I'm the lawyer

13   representing Seowon in this lawsuit.  When I refer to

14   "this lawsuit," it's "Global Telecom versus Seowon."

15            Are you familiar with that case?

16       A    Yes.

17       Q    Okay.  As you noticed before we went on the

18   record, the court reporter swore you in, and even though

19   we're in an informal setting today, the testimony you

20   provide today and the oath that you have provided

21   carries the same weight and effect as if you were

22   providing it in a court of law.

23            Do you understand that?

24       A    Yes.

25       Q    The court reporter is carefully and dutifully

Atkinson-Baker, Inc.
www.depo.com

1    that time?

2        A    No.

3        Q    Have you ever been a shareholder or owned any

4    shares in Global Telecom?

5        A    I don't know if he made me a shareholder.  I

6    don't know.

7        Q    Do you know whether there have been any other

8    shareholders -- or who are the shareholders in Global

9    Telecom?

10       A    He is.  My husband.

11       Q    Okay.  Mr. Malkawi.

12       A    Mr. Malkawi, yes.

13       Q    Do you know whether he's been the only person

14   who's owned shares in Global Telecom?

15       A    I think I might have had shares of his company.

16       Q    Do you know when you had shares in Global

17   Telecom?

18       A    No.

19       Q    When you say you think you did, what's the

20   basis of that statement?  What do you recall in that

21   regard?

22       A    I just think.  I remember we talked about that.

23       Q    When did you talk about that, owning or having

24   shares in Global Telecom?

25       A    I don't remember.

```
 1                    REPORTER'S CERTIFICATE

 2

 3          I, AMY PRATT, CSR No. 8709, Certified

 4     Shorthand Reporter, certify;

 5          That the foregoing proceedings were taken

 6     before me at the time and place therein set forth, at

 7     which time the witness was put under oath by me;

 8          That the testimony of the witness, the

 9     questions propounded, and all objections and statements

10     made at the time of the examination were recorded

11     stenographically by me and were thereafter transcribed;

12          That a review of the transcript by the

13     deponent was requested;

14          That the foregoing is a true and correct

15     transcript of my shorthand notes so taken.

16          I further certify that I am not a relative or

17     employee of any attorney of the parties, nor financially

18     interested in the action.

19          I declare under penalty of perjury under the

20     laws of California that the foregoing is true and

21     correct.

22          Dated this 19th day of March, 2019.

23

24                              _____
                                AMY PRATT, C.S.R. No. 8709
25
```

117

EXHIBIT 2    PAGE 20

# EXHIBIT 3



D I 4 7 7 5 5 2

*3397400 OUT*

# Delaware

**FILED**
Secretary of State
State of California

OCT 0 9 2018

The First State

I, JEFFREY W. BULLOCK, SECRETARY OF STATE OF THE STATE OF DELAWARE, DO HEREBY CERTIFY THE ATTACHED IS A TRUE AND CORRECT COPY OF THE CERTIFICATE OF MERGER, WHICH MERGES:

GLOBAL TELECOM, CORP", A CALIFORNIA CORPORATION,

WITH AND INTO "GLOBAL TELECOM ENGINEERING, INC." UNDER THE NAME OF "GLOBAL TELECOM ENGINEERING, INC.", A CORPORATION ORGANIZED AND EXISTING UNDER THE LAWS OF THE STATE OF DELAWARE, AS RECEIVED AND FILED IN THIS OFFICE ON THE EIGHTH DAY OF OCTOBER, A.D. 2018, AT 5:04 O'CLOCK P.M.

A FILED COPY OF THIS CERTIFICATE HAS BEEN FORWARDED TO THE KENT COUNTY RECORDER OF DEEDS.



7088607  8100M
SR# 20187040083

You may verify this certificate online at corp.delaware.gov/authver.shtml

Jeffrey W. Bullock, Secretary of State

Authentication: 203571744
Date: 10-08-18

EXHIBIT 3    PAGE 21

01477552

State of Delaware
Secretary of State
Division of Corporations
Delivered 05:27 PM 10/08/2018
FILED 05:24 PM 10/08/2018
SR 20187040083 - File Number 7008607

# STATE OF DELAWARE

## CERTIFICATE OF MERGER
### OF
### GLOBAL TELECOM, CORP,
### a California Corporation

### INTO

### GLOBAL TELECOM ENGINEERING, INC.,
### A Delaware Corporation

Pursuant to Title 8, Section 252 of the Delaware General Corporation Law, the undersigned corporation executed the following Certificate of Merger:

**FIRST:** The name of the surviving corporation is Global Telecom Engineering, Inc., a Delaware corporation, and the name of the corporation being merged into the surviving corporation is Global Telecom, Corp, a California corporation.

**SECOND:** The Agreement of Merger has been approved, adopted, certified, executed and acknowledged by each of the constituent corporations pursuant to Title 8 Section 252 of the General Corporation Law of the State of Delaware.

**THIRD:** The name of the surviving corporation is Global Telecom Engineering, Inc., a Delaware corporation.

**FOURTH:** The Certificate of Incorporation of the surviving corporation shall be its Certificate of Incorporation.

**FIFTH:** The authorized stock and par value of the non-Delaware corporation is 1,000 shares of common stock, no par value.

**SIXTH:** The merger is to become effective on the date that this Certificate is filed with the office of the Secretary of State of Delaware.

**SEVENTH:** The Agreement of Merger is on file at 17901 Von Karman Avenue, Suite 600, Irvine, California 92614, an office of the surviving corporation.

**EIGHTH:** A copy of the Agreement of Merger will be furnished by the surviving corporation on request, without cost, to any stockholder of the constituent corporations.

EXHIBIT 3    PAGE 22

01477552

IN WITNESS WHEREOF, said surviving corporation has caused this certificate
to be signed by an authorized officer, the 8th day of October, 2018.

Global Telecom Engineering, Inc.,
a Delaware corporation

By: _____
Authorized Officer
Ahmad Malkawi
President

2

EXHIBIT 3     PAGE 23

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

**650 Town Center Drive, Suite 600**
**Costa Mesa, California 92626**

A true and correct copy of the foregoing document entitled (*specify*): <u>Reply to Debtor's Opposition to Chapter 7 Trustee's</u> <u>Motion for Order Authorizing Sale, Approving Overbid Procedures and Approving Proposed Buyer as Good Faith</u> <u>Purchaser Pursuant to 11 U.S.C. § 252; Declaration of Jeffrey Shinbrot in Support</u>
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) <u>May 4, 2020</u>, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒  Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) <u>May 4, 2020</u>, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

Honorable Mark S. Wallace
United States Bankruptcy Court
411 West Fourth Street, Suite 6135 / Courtroom 6C
Santa Ana, CA 92701-4593

☐  Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) <u>May 4, 2020</u>, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 5/4/2020 | Victoria Rosales | *victoriah* |
|---|---|---|
| Date | Printed Name | Signature |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

Reem J Bello    rbello@wgllp.com,
kadele@wgllp.com;vrosales@wgllp.com;cyoshonis@wgllp.com;cbmeeker@gmail.com
Rebecca A Caley    rcaley@caleylaw.com, kristina@caleylaw.com;carolyn@caleylaw.com
Weneta M Kosmala (TR)    ecf.alert+Kosmala@titlexi.com,
wkosmala@txitrustee.com;dmf@txitrustee.com;kgeorge@kosmalalaw.com
Austin P Nagel    melissa@apnagellaw.com
Michael B Reynolds    mreynolds@swlaw.com, kcollins@swlaw.com
Jeffrey S Shinbrot    jeffrey@shinbrotfirm.com, sandra@shinbrotfirm.com
Andrew Still    astill@swlaw.com, kcollins@swlaw.com
United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**